Dear Judge Moore:
You state in your correspondence of recent date that the City of Monroe judicially sought repayment of retirement contributions made by the City of Monroe for you in your former capacity as Monroe City Councilman. A judgment was rendered in your favor, determining that there was no violation of the Monroe City Charter regarding the claims against you for reimbursement as alleged by the City of Monroe. You now ask whether you may be reimbursed your legal fees incurred in the defense of this lawsuit.
LSA-R.S. 13:5108.1, LSA-R.S. 13:5108.2, and LSA-R.S. 42:1441
provide for indemnification of certain public officials when cast in judgment for damages, costs or attorneys' fees. No statute clearly provides for the reimbursement of attorneys' fees in a civil case involving an officer of a local political subdivision, such as a judge.
However, this office continues to adhere to the view that if a public official is found exonerated from all alleged violations in a civil action arising out of his duties of office, the public body may reimburse its official for reasonable attorneys' fees, resulting from the defense against such allegations. See Attorney General Opinions 95-242, 94-384, 93-376, 91-474, and 89-110.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ________________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: April 30, 1996
Date Released: May 9, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL